UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JAMES BENJAMIN, et al.,

      Plaintiffs,

          -against-

JOSEPH PONTE, et al.,

      Defendants.

----------------------------------------------------------x

ECF CASE

75 Civ. 3073 (HB)

**DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO STRIKE CERTAIN EVIDENCE FROM THE MOTION RECORD OF PLAINTIFFS' MOTION TO ENFORCE THE HEAT ORDER**

      JOHN BOSTON declares pursuant to 28 U.S.C. § 1746 as follows:

      1.      I am the director of the Prisoners' Rights Project of The Legal Aid Society, and one of counsel for plaintiffs herein.  I make this reply declaration in opposition to defendants' Motion *In Limine* to Strike Certain Evidence from the Motion Record of Plaintiffs' Motion to Enforce the Heat Order (*i.e.*, this Court's prior orders concerning cooling in punitive segregation).  Defendants assert that certain evidence submitted in plaintiffs' reply papers is variously irrelevant, untimely, and unduly prejudicial.

**Evidentiary hearing and lack of prejudice**

      2.      Defendants argue as to all of the evidence they object to that it is inappropriate in reply papers because they have no chance to respond to it and are therefore prejudiced.  Mr. Doyle of the Office of Compliance Consultants has informed me that the Court has identified May 20, 2014 as a possible date for an evidentiary hearing.  The holding of an evidentiary hearing will give the defendants a further chance to respond and will eliminate the prejudice that they claim.

**The July 22, 2013 inmate declarations**

3. Defendants object to declarations from five prisoners who recounted their experiences during periods of very hot weather in the summer of 2013 in the Central Punitive Segregation Unit (CPSU). Their declarations address inadequate provision of showers, perfunctory medical checks, erratic ice deliveries, etc. Defendants say "This type of evidence" should have been included with plaintiffs' original moving papers since defendants do not have an opportunity to respond to plaintiffs' reply papers. Declaration of Chlarens Orsland, April 21, 2014 ("Orsland Decl.") ¶ 3.

4. Defendants choose their words wisely; they do not say "this type of evidence" and do not say that those prisoner declarations should have been submitted with plaintiffs' moving papers. That is because the papers were completed on June 21, 2013 and filed on June 24, the following Monday. The extremely hot weather in the summer of 2013, with which those declarations are concerned, began on June 24, 2013, the day plaintiffs' moving papers were filed. *See* Boston Reply Declaration in Support of Plaintiffs' Motion for Enforcement ("Boston Reply Decl.") ¶ 11 (table). The declarations are dated July 22, 2013. Thus *those* particular declarations could *not* have been filed with plaintiffs' moving papers absent time travel.

5. Defendants' argument appears to be that plaintiffs should have anticipated the preceding year that in 2013 they would wish to present declarations about life in punitive segregation during heat waves, and that plaintiffs should have obtained such declarations a year in advance, during the heat waves of 2012.

6. Plaintiffs are aware of no rule requiring such clairvoyance on the part of litigants. The declarations at issue are directly responsive to defendants' assertions in their responsive papers concerning the measures they take to protect prisoners against excessive heat, such as

2

daily showers, medical checks, ice deliveries, etc.  *See* declarations of Commissioner Dora B. Schriro, Assistant Commissioner Patricia Feeney, Dr. Homer Venters, and Dr. Nathan Graber, annexed to defendants' responsive papers (Dkt #s 581, 583, 582 and 587 respectively).  That is, defendants have *already* presented evidence, from their perspective, concerning protective measures they take against excessive heat, and there is nothing inappropriate about plaintiffs' presenting evidence of *their* observations on the same subjects.

7.    The experience of the members of the plaintiff class is relevant and probative of the matters at issue in this proceeding, and it should be considered.  Evidence is evidence. Defendants cite no authority for its exclusion, and there there is no basis for excluding it.

**Death of Jerome Murdough**

8.    Defendants object to evidence concerning Mr. Murdough's death because it is still under investigation.  A similar issue came up some years ago in related litigation.  The trial in *Fisher v. Koehler* concerning violence at the Correctional Institution for Men on Rikers Island began on October 23, 1986, but from October 13 through 17, there were disturbances in the jail that resulted in a considerable amount of violence by staff against prisoners, culminating in gauntlet beatings.  The City objected to plaintiffs' presentation of witnesses who had seen and been subjected to that violence because there were ongoing departmental and other investigations that it said inhibited their lawyers' ability to conduct their own investigation.  Judge Lasker held:

> I conclude, as I stated at trial, that it was appropriate to hear testimony and receive evidence on the October 1986 disturbances, because "the subject matter seems to [be] at the heart of what the whole purpose of this trial is, and to ignore it is unrealistic," T. 3621, and would be irresponsible. Although defendants may have been circumscribed in their response to the inmate testimony by ongoing investigations, it cannot be concluded that they were unfairly prejudiced. Testimony about the gauntlet itself, which took place outside CIFM, should be set aside in deciding the issue of staff inmate violence.  However, it is appropriate to consider the evidence about the other events that took place at CIFM during this time period, and this evidence is consistent with and supports the other evidence

>about excessive force in this case.  Finally, the October 1986 disturbances are an
>indication of the tensions brewing below the surface at CIFM that could erupt
>again, if steps are not taken to prevent use of excessive force in the future.

*Fisher v. Koehler*, 692 F. Supp. 1519, 1521, 1537 (S.D.N.Y. 1988), *aff'd*, 902 F.2d 2 (2d Cir. 1990).  Thus, evidence that was relevant to the controversy was admitted despite the presence of ongoing investigations.

9. The evidence at issue concerning Mr. Murdough has clear relevance to one aspect of the present motion.  Mr. Murdough, who was taking psychotropic medication but had not been designated heat-sensitive, was held in a cell in which he was exposed to very high temperatures, and he was found dead in his cell in a pool of vomit and blood on the floor.  His physical distress from excessive heat was apparently not observed by staff until he was already dead.  *See* Boston Reply Decl. ¶¶ 20, 22.  This is a powerful commentary on defendants' reliance on the vigilance of correctional staff to protect the plaintiffs, and powerful support for Dr. Vassallo's view that staff observation is an unreliable means of monitoring the physical condition of prisoners.  Defendants say Mr. Murdough "was not apparently similarly situated with the inmates in CPSU," Orsland Decl. ¶ 5.  But he was similarly enough situated for the limited purpose for which plaintiffs offer the evidence.

**Death of Jason Echevarria**

10. Defendants object to evidence of Mr. Echevarria's death (from ingesting a toxic substance) at this late stage, despite his requests to staff for medical assistance.  As with the other disputed evidence, it is legitimate reply evidence, since like the Murdough death it responds to defendants' reliance on their staff's powers of observation to protect prisoners from medical emergencies.  Unlike Mr. Murdough, Mr. Echevarria died in a punitive segregation unit.  *See* Boston Reply Decl. ¶ 21.  Thus defendants' complaints that the death occurred before plaintiffs

drafted their motion papers and that it has not previously "com[e] up in a *Benjamin* context, let alone as a CPSU-related issue," Orsland Decl. ¶ 6, are beside the point.

**Additional discovery**

11.     As plaintiffs noted in their reply papers, the particular document submitted in connection with Mr. Echevarria's death is an accusatory instrument that is arguably not admissible for the truth of what it asserts.  Further, with respect to Mr. Murdough, defendants are correct that "information that is publicized in the early stages of an incident investigation is often later revealed to be unfounded."  Orsland Decl. ¶ 5.  Plaintiffs therefore are serving simultaneously with this Declaration a request for production of all documents in the possession or control of the Department pertaining to the deaths of Mr. Murdough and Mr. Echevarria.  The response to these requests would include the documents generated by the Department of Correction in the ordinary course of business in the event of a prisoner death, which would be admissible as business records under Rule 803(6) or as public records under Rule 803(8) of the Federal Rules of Evidence.  These would provide a more reliable evidentiary base than the documents attached to the plaintiffs' motion.

12.     Plaintiffs therefore request that in addition to denying the defendants' motion *in limine*, the Court direct the defendants to respond to the plaintiffs' discovery request, which is attached as the sole exhibit to this declaration.

**Dr. Vassallo's supplementary report**

13.     Defendants complain that Dr. Vassallo in her supplementary report, in addition to responding to questions posed by plaintiffs' counsel, added further comments on defendants' submissions.  They are correct.  However, the fact that the Court is now contemplating an evidentiary hearing on this motion, at which Dr. Vassallo presumably will testify, would seem to eliminate any prejudice to the defendants, since the defendants will have an opportunity to

respond to any new matter. Indeed, Dr. Vassallo's additional comments would seem to be beneficial to the defendants, since they may provide them with greater insight into her views.

WHEREFORE, plaintiffs respectfully request that the defendants' motion *in limine* be denied in all respects, and that defendants be directed to respond to the attached discovery request as the request directs, including provision of the response to the Office of Compliance Consultants for review by Dr. Vassallo.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2014

_____s/_____
JOHN BOSTON

# EXHIBIT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| JAMES BENJAMIN, et al., | ECF CASE |
| Plaintiffs, | 75 Civ. 3073 (HB) |
| -against- | REQUEST FOR PRODUCTION OF DOCUMENTS RE: |
| JOSEPH PONTE, et al., | PRISONER DEATHS |
| Defendants. | |

--------------------------------------------------------x

PLEASE TAKE NOTICE that, pursuant to Rule 26 of the Local Rules of the United States District Court for the Southern District of New York and Rule 34 of the Federal Rules of Civil Procedure, plaintiff requests that defendants produce for copying and inspection at the office of the Prisoners' Rights Project of the Legal Aid Society, 199 Water Street, 6th Floor, New York, New York 10038, by May 6, 2014, the following materials:

      All documents within the Department of Correction's possession or control pertaining to the deaths in custody of Jerome Murdough and Jason Echevarria, and the causes, circumstances, and consequences of those deaths.

Copies of all documents produced should also be provided to John Doyle, Esq., Director, Office of Compliance Consultants, at ReedSmith LLP, 599 Lexington Avenue, 22nd Floor, New York, New York 10022.

Dated: New York, New York
       April 22, 2014

                                        _____

                                        JOHN BOSTON
                                        VERONICA VELA
                                        DALE A. WILKER
                                        The Legal Aid Society
                                        Prisoners' Rights Project
                                        199 Water Street, 6th floor
                                        New York, N.Y. 10038
                                        212 577-3530
                                        Attorneys for Plaintiffs

TO:  Chlarens Orsland, Esq.
Assistant Corporation Counsel
Attorney for Defendants
100 Church Street
New York, New York 10007