

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**CHLARENS ORSLAND**
Phone: (212) 356-2086

E-mail:corsland@law.nyc.gov

June 26, 2020

**BY ECF**
Hon. Loretta A. Preska
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street,
New York, N.Y. 10007

   Re: Benjamin v. Brann
     75-CV-3073 (LAP)

Dear Judge Preska:

  On behalf of the defendants in the above captioned action, I write in response to Plaintiffs' letter of June 25, 2020 (ECF Doc. No. 683) ("Pl. Letter"), asking the Court to resolve the pending heat motion. Defendants certainly have no objection to this request, but presume the matter will be addressed by the Court at an appropriate time.

  While the issues raised in Plaintiffs' letter are only tangentially related to the issues raised in the pending motion, I do wish to briefly address Plaintiffs' concerns about the ability of the Department of Correction ("DOC" or the "Department") to address high heat conditions in the jails. As a threshold matter, we dispute the assertion that lock-in procedures are "draconian," ameliorative measures are "ineffective," and that DOC is "knowingly exposing the plaintiff class to extreme heat and serious risk of heat-related illness." See Pl. Letter at p. 2. The Department's policy is to prepare in advance every year for high heat conditions, and while the older buildings on Rikers Island do not allow for air-conditioning, DOC staff is very attentive to this issue, and takes the necessary precautions to maximize safety.

  The heart of the Department's Summer Heat Plan is its collaboration with Correctional Health Services ("CHS"), which operates under the auspices of the City's municipal hospital system, Health + Hospitals ("H+H"). As Your Honor may recall from last year's correspondence, inmates who are identified as Heat Sensitive are housed in air-conditioned quarters (with some security exceptions), unless they decline the transfer. The Department has

since added 145 air-conditioned beds for this summer, and currently about 58% of the overall population are housed in air-conditioned quarters. In addition, the Department also closed the Brooklyn Detention Complex, which did not have air-conditioning and was the subject of complaints by Plaintiffs' counsel last year.

I will not list the many ameliorative measures taken by the Department, but will point out that DOC did address some deficiencies from last year, including adding 200 additional fans. Currently, as set forth in the DOC Summer Heat Plan 2020, all non-air-conditioned units have at least two industrial pedestal fans, and many have three or four. All common areas have two to six fans installed. A sufficient supply of summer clothing has been provided, staff has been trained to recognize signs of heat exhaustion, and cambros of ice are available. I am aware of Plaintiffs' point that some inmates in restricted forms of housing might not benefit from fans, but the Department does have a legal obligation to balance security concerns with safety concerns, and is attentive to the other ameliorative measures. A copy of the Heat Plan is annexed as Exh. "A" and it can also be reviewed at
https://www1.nyc.gov/assets/doc/downloads/pdf/Heat_Action_Plan_n.pdf

I am hopeful that this Plan will reassure Plaintiffs' counsel of the Department's commitment to keeping the jails safe and healthy. Of course, the parties will be in touch throughout the summer, and we will continue to work with counsel on any heat-related concerns that may arise. As always, we appreciate the Court's attention to these matters.

Respectfully yours,

/s/
Chlarens Orsland
Assistant Corporation Counsel

cc:   Veronica Vela, Esq.
      Robert Quackenbush, Esq.
      David Billingsley, Esq.
      Legal Aid Society
      Via ECF