UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JAMES BENJAMIN,

                    Plaintiff,

-against-

VINCENT SCHIRALDI,

                    Defendant.

------------------------------------------------------------------ x

**ORDER RE: VENTILATION REPORTS**

~~75~~ ~~0373~~ (LAP)

**75cv 3073**

**WHEREAS,** this Court (Hon. Harold Baer, Jr.) issued an Order on: Environmental Conditions, dated April 26, 2001 (ECF No. 271) ("2001 Environmental Order"), which, among other directives, required the Department of Correction ("DOC" or the "Department") to provide information on environmental conditions in the City jails to allow the Court's monitor, the Office of Compliance Consultants ("OCC"), and Plaintiff's counsel. to evaluate Defendant's compliance with the 2001 Environmental Order,

**WHEREAS,** the Order re: Testing and Repair of Ventilation Systems, dated November 14, 2003 (ECF No. 384) ("November 14, 2003 Order"), requires the taking of airflow readings on a monthly basis (at ¶ 3),

**WHEREAS,** the Amended Supplementary Order re: Repair and Renovations of Ventilation Systems, dated February 11, 2009 (ECF No. 515) ("February 11, 2009 Order"), requires production on a quarterly basis of Monthly Intake Ventilation Reports, Heating and Ventilation Certification Reports, and Monthly Airflow Reading Reports (at ¶ 4(b)),

**WHEREAS,** Plaintiff has alleged that the Defendant is not and has not been in compliance with the above orders, and seek to file a motion for civil contempt and sanctions (ECF No. 697);

**WHEREAS,** the parties have consulted among themselves and informed this Court that they have agreed on the terms of a remedial order that would obviate the need for further motion practice at this time;

**IT IS ORDERED** as follows:

1. The DOC will perform all required airflow readings at all covered facilities every month pursuant to the following procedure:

   a. The parties acknowledge that monthly readings typically begin the last week of a month and may extend into the first week of the next month, but not later than the fifth business day of that month;

   b. Promptly upon completion of the monthly readings, the readings shall be submitted to the Assistant Commissioner for Environmental Health;

   c. EHU will complete its analysis no later than 3 weeks from receipt;

   d. Promptly upon completion of its analysis, EHU will return the analysis to the individual facilities to remediate the deficiencies or note other corrective action; the facilities will complete their corrective action no later than 4 weeks of receipt of the EHU analysis;

   e. Any delay in the above readings, analysis or remediation will be excusable only if due to a serious and unanticipated intervening security event, such as a facility lockdown that prevents the taking of airflow readings; in such an event, appropriate staff will return to perform its readings, analysis or remediation the next business day after the security event;

   f. In the event that a locked-down facility cannot be made available for readings for a period of 4 days due to a continued lockdown, DOC will notify Plaintiff's counsel and the OCC Deputy Director on the following business day to discuss an alternative means of proceeding;

   g. If significant shortages among staff responsible for ventilation inspection and reporting are directly attributable to COVID-19 illness or quarantine are expected to delay the above time-frames, Defendants will advise OCC and Plaintiff's counsel within one business day and propose a new timeline. Failure to agree to a new timeline will not be deemed non-compliance with this order, and any dispute may be referred to the Court.

2.  Following the above procedure, the completed reports--consisting of the documents required by the November 14, 2003 Order and February 11, 2009 Order--will be produced to OCC and Plaintiff's counsel on a quarterly basis, beginning on March 1, 2022.

3.  Prior unproduced airflow reports from January 2019 to the present will be provided on a rolling basis to be completed no later than January 18, 2022.

4.  Upon review of counsel's timesheets and billing rates, Defendant will pay reasonable attorney fees and costs to Plaintiff's counsel for its time expended in preparing the instant application seeking permission to file a motion for further relief and sanctions. If the parties cannot agree on the appropriate amount of reasonable attorney fees and costs, the matter may be submitted to this Court for resolution.

5.  If Plaintiff's believe that the Department is not complying with the terms of this Order, they may file an accelerated motion for civil contempt and further sanctions as follows:

    a. Upon e-mail notification to Defendant's counsel, Plaintiff's letter to the Court, dated October 28, 2021 (ECF No. 697), shall be deemed a motion for civil contempt and further sanctions;

    b. Defendant shall file his opposition within two weeks of the above notification;

    c. Plaintiff shall file his reply within two weeks of the opposition, if necessary;

    d. A 'meet and confer' will not be necessary.

4.  The Court finds that the above-ordered relief is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right.

Dated:   New York, New York
         November 18, 2021

SO ORDERED:

*[signature]*

Hon. Loretta A. Preska, U.S.D.J.